treUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERRY JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-1158 (ESH) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff Terry Jones, a prisoner currently incarcerated at the Federal Correctional Institution of Petersburg, Virginia, brings this action against defendant United States of America under the Federal Tort Claims Act, claiming negligence and medical malpractice by federal Bureau of Prisons employees. Defendant has moved to dismiss for improper venue pursuant to Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, defendant's motion to transfer venue will be granted and the case will be transferred to the United States District Court for the Northern District of West Virginia.

**BACKGROUND**

**I.    FACTS**[1]

Plaintiff is a prisoner in the custody of the federal Bureau of Prisons who is serving a

---

[1] For the purpose of deciding a motion to dismiss for lack of proper venue under Rule 12(b)(3), the Court accepts as true "the well-pled factual allegations regarding venue." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 112 (D.D.C. 2006).

prison sentence imposed by the Superior Court for the District of Columbia. (First Am. Compl. ¶ 10.) Prior to his incarceration, he was a resident of the District of Columbia. (*Id.* ¶ 10.)

### A. USP Hazelton: December 20, 2007 - November 4, 2008

In December 2007, plaintiff was incarcerated at USP Hazelton in the Northern District of West Virginia. (*Id.* ¶ 1.) On December 20, 2007, he was injured in a riot on his unit when he slipped on another inmate's blood on a metal staircase and fell on his back. (*Id.* ¶¶ 1-2, 17-33.) Following this incident, plaintiff "sought medical attention for numbness and tingling in his fingers," and was advised to "stop doing sit-ups." (*Id.* ¶¶ 2, 34-35.) Over the next ten months, plaintiff "repeatedly sought medical attention, asked for and was denied an MRI, asked for and was denied an orthopedic or other specialist consultation, and was never treated for his back injury." (*Id.* ¶¶ 3, 36-46, 51-52.) Finally, on November 4, 2008, plaintiff was "scheduled for an orthopedic consultation," but that same day, before the consultation occurred, plaintiff was transferred out of Hazelton. (*Id.* ¶¶ 4, 48-49.)

### B. Transfer from USP Hazelton to USP Tucson, Arizona

From USP Hazelton, plaintiff was flown to the Federal Transfer Center in Oklahoma City, Oklahoma, and then taken on a seventeen-hour bus ride to USP Tucson, Arizona. (*Id.* ¶¶ 4, 54, 57). Due to "extreme pain and weakness," plaintiff required assistance in getting on and off the plane. (*Id.* ¶ 54.) The bus ride, during which plaintiff was in leg and hand restraints, caused plaintiff excruciating pain and, when he arrived at USP Tucson, he "was unable to walk and could not exit the bus under his own power." (*Id.* ¶¶ 4, 57-60)

### C. USP Tucson: November 7, 2008-March 11, 2009

Over the next fourteen months at USP Tucson, plaintiff's "condition continued to

deteriorate," but his requests for treatment for his back pain were denied and he was given only short-term pain medication. (*Id.* ¶¶ 5, 65-73, 77-78.) On March 11, 2009, plaintiff "experienced lightning-like, shooting pain in his back and collapsed on the recreation yard." (*Id*. ¶¶ 6, 74.) He was transferred to an outside hospital where "testing revealed that he suffered from extensive spinal damage, including severe spinal stenosis, degeneration of the spinal discs, and disk protrusion." (*Id.* ¶¶ 6, 75-76) On March 13, 2009, or thereabout, plaintiff had back surgery to prevent further worsening of his injuries. (*Id.* ¶¶ 6, 79.)

### D. USP Petersburg

At some later date, plaintiff was transferred to USP Petersburg in the Eastern District of Virginia, where he was residing at the time he filed the instant complaint. He "remains unable to walk without the use of a walker, cannot sit for long periods of time, has muscular atrophy in his upper arms, and daily experiences pain in his back and left leg." (*Id.* ¶¶ 7, 80-81.)

## II. PROCEDURAL HISTORY

Based on the above-described events (set forth in greater detail in plaintiff's amended complaint), plaintiff filed this FTCA case claiming (1) negligence by USP Hazelton prison staff and officials in failing to protect him from injury on December 20, 2007 (Count I) (¶¶ 82-88); (2) medical malpractice by USP Hazelton medical professionals in improperly diagnosing and treating the injury he sustained on December 20, 2007 (Count II) (¶¶ 89-93); (3) medical malpractice by USP Tucson medical professionals in improperly diagnosing and treating injuries stemming from the December 20, 2007 injury (Count III) (¶¶ 94-98); and (4) negligence by BOP employees in mistreating plaintiff during his transfer from USP Hazelton to USP Tucson (Count IV) (¶¶ 99-103.) Defendant has moved to dismiss or, in the alternative, to transfer on the ground

3

that the District of Columbia is not a proper venue.

## ANALYSIS

**I. IMPROPER VENUE**

Claims brought under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff's complaint asserts that venue is proper in this district solely because he is a "resident of the District of Columbia."[2] (First Am. Compl. ¶ 9.) As defendant's motion points out, however, the Court of Appeals for the District of Columbia Circuit has held that for venue purposes, a prisoner "resides" where he is incarcerated, not where he lived prior to his incarceration. *See In re Pope*, 580 F.2d 620 (D.C. Cir. 1978). Despite plaintiff's arguments to the contrary, this remains the law in this Circuit and it is binding on this Court. *See, e.g.*, *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 130 (D.D.C. 2010). As noted, plaintiff is currently incarcerated in the Eastern District of Virginia. Accordingly, under the law of this Circuit, the District of Columbia is not a proper venue for this action.

**II. TRANSFER OF VENUE**

If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As a general matter, a transfer of the case is favored over a dismissal. *See El v. Beden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004). Defendant suggests that venue would be proper in either the Eastern District of Virginia, where plaintiff is incarcerated, the Northern District of West

---

[2]The parties agree that no "act or omission complained of occurred" in the District of Columbia.

Virginia, where USP Hazelton is located, or in the District of Arizona, where USP Tucson is located.

### A. Eastern District of Virginia

Applying the law of this Circuit that a prisoner resides where he is incarcerated, venue would be proper in the Eastern District of Virginia. *See supra*. However, that is not the law in most other circuits, *see*, *e.g., Holmes v. United States Bd. of Parole*, 541 F.2d 1243, 1248-49 (7th Cir. 1976); *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1971); *Urban Indus. v. Thevis*, 670 F.2d 981, 986 (11th Cir. 1982); *Brimer v. Levi*, 555 F.2d 656 (8th Cir.1977); *Flanagan v. Shively*, 783 F.Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992), and the Fourth Circuit has not decided the issue. *See Royer v. Federal Bureau of Prisons*, 2010 WL 4827727, at *5 (E.D. Va. 2010) ("some courts have found that prisoners reside in the district where they are domiciled for . . . venue purposes, [but] the Fourth Circuit has never squarely addressed the matter") (citing *United States v. Pugh*, 69 Fed. Appx. 628 (4th Cir. 2003)). Thus, it is not clear that the Eastern District of Virginia would agree that this case "could have been brought" there. For this reason, transferring this case to the Eastern District of Virginia is not a desirable option. *See Roman-Salgado*, 730 F. Supp. 2d at 130 (noting that this disagreement among the Circuits as to where an incarcerated prisoner resides for venue purposes is "particularly problematic" when it comes to deciding where to transfer a case).

### B. Northern District of West Virginia / District of Arizona

For purposes of the FTCA, the judicial district "wherein the act ... occurred" is the district in which "sufficient activities giving rise to the plaintiff's cause of action took place." *Zakiya v. United States*, 267 F. Supp. 2d 47, 58 (D.D.C. 2003) (citing *Franz v. United States*, 591

5

F.Supp. 374, 378 (D.D.C. 1984)); *see also Sanchez v. United States*, 600 F. Supp. 2d 19 (D.D.C. 2009); *Tildon v. Alexander*, 587 F. Supp. 2d 242 (D.D.C. 2008). Applying this standard to the allegations of the complaint, venue would be proper in either the Northern District of West Virginia or the District of Arizona.

In deciding among proper venues, a court must consider the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978); *see also* 28 U.S.C. § 1404(a) (court may transfer for the "convenience of parties and witnesses, in the interest of justice"). Considering these factors, the Northern District of West Virginia is clearly the more convenient forum as the majority of events giving rise to plaintiff's claims occurred there and it is significantly closer to plaintiff's current place of incarceration.

## CONCLUSION

Accordingly, and for the reasons stated above, the Court will grant defendant's motion to transfer venue and transfer this case to the Northern District of West Virginia.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: October 27, 2011

6